**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LAURA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09-CV-380-TLW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Laura Thomas seeks judicial review of a decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. [Dkt. # 9].

Plaintiff protectively filed her application for disability insurance benefits on May 9, 2005, alleging an onset date of October 28, 2004. [R. 79]. Plaintiff's claim was first denied on July 27, 2005 and was reconsidered and denied a second time on July 17, 2006. [R. 67, 60]. Plaintiff filed a written request for a hearing on September 15, 2006, and the final hearing occurred before an Administrative Law Judge ("ALJ") on October 30, 2008. [R. 58, 32]. The ALJ issued a decision on February 3, 2009, denying the plaintiff's claims for DIB. [R. 14]. On April 23, 2009, the Appeals Council denied plaintiff's application for review of the ALJ's decision. [R. 4]. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981. On June 17, 2009, plaintiff timely filed the subject action with this court. [Dkt. # 1].

The role of the Court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is only to determine whether substantial evidence supports that decision and whether the applicable legal standards were applied correctly. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Casias v. Secretary of Health & Human Service, 933 F.2d 799, 800 (10th Cir. 1991).

A claimant for disability benefits bears the burden of proving that she is disabled. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(a). "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of an impairment and the severity of her impairment during the relevant adjudicated period. 20 C.F.R. § 404.1512(c). Disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques" administered by "acceptable medical sources" such as licensed and certified psychologists and physicians. 42 U.S.C. § 423(d)(3) and 20 C.F.R. § 404.1513.

On appeal, plaintiff asserts the ALJ failed to: (1) perform a proper evaluation of the opinions of the medical source providers; (2) demonstrate substantial evidence to support his

2

selected date of onset of disability; and (3) perform a proper credibility determination. [Dkt. # 15 at 2].

## Background

Plaintiff is female. [R. 123]. She was born on October 9, 1961 and was 46 years old at the time of the hearing before the ALJ. [R. 403]. Plaintiff is 5 feet 6 inches tall and weighs 216 pounds. [R. 404]. Plaintiff dropped out of high school in the eleventh grade, but she eventually earned her GED in 1976. [R. 327]. Plaintiff also completed training to be a ticket agent with Northwest Airlines in 1989. [R. 93, 406]. Plaintiff is married, but has been separated from her husband since November 2004. [R. 327, 404]. She has one minor son, age ten, living in the home and one adult daughter living outside the home. [R. 404]. Plaintiff's most significant employment was as a bartender from 1990 to 1999. [R. 89]. In addition, she claims to have worked as a waitress "from time to time." [R. 327]. Plaintiff does not receive child support payments from the father of her son, but she receives assistance from her adult daughter and sister, as well as food stamps. [R. 405-06].

Plaintiff alleges that she has been disabled since she suffered a deep vein thrombosis[1] ("DVT") on October 28, 2004. [R. 88-89]. At that time, plaintiff was living in the state of Washington and was being treated primarily by Dr. Ronald Goldberg. [R. 137]. Plaintiff kept appointments with Dr. Goldberg several times per month from the date of her diagnosis with DVT until she moved to Oklahoma in the summer of 2005. [R. 137-69]. After she relocated to Oklahoma, plaintiff was treated by several doctors, but primarily by Dr. Ashok Kache. [R. 9-12,

---

[1] Deep vein thrombosis is a blood clot that forms in a vein deep in the body, usually in the lower leg or thigh. In some patients, these blood clots may break off and travel through the bloodstream to the lungs, resulting in a pulmonary embolism. Nat'l Heart Lung and Blood Inst., *Deep Vein Thrombosis*, NAT'L INST. OF HEALTH (Dec. 2009), http://www.nhlbi.nih.gov/health/dci/Diseases/Dvt/DVT_WhatIs.html.

302-21]. On November 1, 2005, Dr. Goldberg wrote a letter stating his belief that plaintiff was disabled because of "chronic pain syndrome in her leg" and her need for pain medication. [R. 261]. Likewise, on September 26, 2006, Dr. Kache wrote a note stating that plaintiff was unable to work even part time due to her leg pain and swelling. [R. 263]. Plaintiff has not worked since she suffered the DVT. [R. 89].

On May 9, 2005, plaintiff applied for a period of disability and disability insurance benefits for a disabling condition beginning on October 28, 2004. [R. 79]. That claim was denied on July 27, 2005 because plaintiff "would not have been expected to be disabled for the 12 continuous months required for Social Security disability." [R. 67]. On October 14, 2005, plaintiff filed a request for reconsideration, which was accepted outside the 60-day window in which an applicant has the right to appeal a Social Security decision. [R. 63]. The application was accepted because plaintiff did not timely receive the denial of benefits due to her relocation to Oklahoma. [R. 65]. On July 17, 2006, plaintiff was denied benefits upon reconsideration. [R. 60]. In denying plaintiff's request a second time, the Social Security Administration found "insufficient evidence to establish the presence of a severe impairment" prior to the last date plaintiff was insured for disability benefits. [R. 60]. On September 11, 2006, plaintiff filed a request for a hearing by an ALJ. [R. 58]. Plaintiff based her request on her claim that information from her pain specialist and her blood specialist was not reported on her original application. [R. 58]. Plaintiff's hearings were held on March 13, September 18, and October 30, 2008. [R. 50, 37, 32].

The ALJ found that plaintiff last met the insured status requirements of the Social Security Act on December 31, 2006. [R. 19]. The ALJ also found that plaintiff did not engage in substantial gainful activity from her alleged onset date of October 28, 2004 through her date

4

last insured of December 31, 2006. [R. 19]. The ALJ concluded that plaintiff had the severe impairments of DVT and obesity through the date last insured, but that plaintiff's severe impairments did not meet or medically equal any of the listed impairments. [R. 19]. The ALJ determined that plaintiff's residual functional capacity ("RFC") was limited to lifting and carrying 20 pounds occasionally. [R. 19]. The ALJ found that plaintiff had the RFC to stand or walk 2 hours and sit 6 hours in an 8-hour work day. [R. 19]. In addition, plaintiff's RFC requires her to be able to elevate her right leg 8-12 inches as needed and change positions every half hour. [R. 19]. The ALJ found that plaintiff's medications and balance restrict her from driving, working around dangerous moving machinery, and climbing ladders, ropes, and scaffolds. [R. 19]. In addition, the ALJ found that the effects of plaintiff's medication prevent her from performing "high production, high quota work or rapid assembly line work." [R. 19]. The ALJ found that through the date last insured, plaintiff was unable to perform her past relevant work as a bartender, but that there was a significant number of jobs in the national economy that plaintiff was able to perform. [R. 29]. Based on the vocational expert's testimony regarding plaintiff's age, education, work experience, and RFC, the ALJ specifically found that plaintiff was able to perform the unskilled sedentary jobs of account clerk and addresser. [R. 30]. Accordingly, the ALJ determined that plaintiff was not disabled as defined by the Social Security Act from the alleged date of onset through the date last insured. [R. 30]. This finding was made at step five in the five-step inquiry outlined in Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five steps in detail).[2]

---

[2] The five-step sequence provides that the claimant (1) is not gainfully employed, (2) has a severe impairment, (3) has an impairment which meets or equals an impairment presumed by the Secretary to preclude substantial gainful activity, listed in Appendix 1 to the Social Security Regulations, (4) has an impairment which prevents her from engaging in her past employment, and (5) has an impairment which prevents her from engaging in any other work, considering her

5

**Discussion**

As her first issue, plaintiff claims the ALJ failed to perform a proper evaluation of the opinions of the medical source providers. [Dkt. # 15 at 2]. Plaintiff claims that the ALJ rejected the opinions of plaintiffs treating physicians "as being inconsistent with the treatment notes" without documenting those inconsistencies and that the ALJ "failed to explain" the weight assigned to those opinions. [Dkt. # 15 at 4-5]. Plaintiff also claims that the ALJ "accepted without critical evaluation the opinion of the [medical expert] who testified at the hearing." [Dkt. # 15 at 2]. Accordingly, plaintiff seeks remand. [Dkt. # 15 at 3]. The Court finds that the ALJ sufficiently documented the inconsistent information contained in the opinions and treatment notes of plaintiff's treating physicians, thereby explaining the "little weight" he accorded each of those opinions. However, the Court agrees with plaintiff that the ALJ's decision does not show that he performed a critical evaluation of the medical expert's opinion. Therefore, the case is remanded with instructions for the ALJ to explain the weight he assigned to the medical opinion of the medical expert.

Under 20 C.F.R. § 404.1527(a)(2), medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." In determining whether a claimant is disabled, "[a]n ALJ must evaluate every medical opinion in the record" and decide what weight to give each opinion. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). An ALJ is required to give the opinion of a treating physician "controlling weight" if it is both "well-supported by medically acceptable

---

age, education, and work experience. Ringer v. Sullivan, 962 F.2d 17 (10th Cir. 1992) (unpublished) (citing Williams v. Bowen, 844 F.2d at 750-52).

6

clinical and laboratory diagnostic techniques" and "consistent with the other substantial evidence in the record." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id. However, even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2). However, the ALJ is not required to explicitly discuss each factor. Oldham v. Astrue, 509 F.3d 1254 (10th Cir. 2007). "If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotation omitted).

Although the ALJ generally must give controlling weight to the medical opinions of treating physicians, opinions on certain issues are not medical opinions, but are "administrative findings dispositive of a case." 20 C.F.R. § 404.1527(e). Opinions that a claimant is "disabled" or "unable to work" are opinions reserved to the Commissioner or ALJ, and those opinions will not be given controlling weight or special significance. Id. However, "opinions from any source

on issues reserved to the Commissioner must never be ignored" and must be evaluated according to the factors in 20 C.F.R. § 404.1527(d).  SSR 96-5p, 1996 WL 374183 (July 2, 1996).

On November 1, 2005, plaintiff's treating physician in the state of Washington, Dr. Goldberg, wrote a letter stating, "[B]ecause of the need for pain medication and the chronic pain syndrome in her right leg, I believe [plaintiff] is disabled from any gainful employment."  [R. 261].  Likewise, on September 26, 2006, plaintiff's treating physician in Oklahoma, Dr. Kache, provided a handwritten note stating, "[Plaintiff] is unable to work even part time because of leg swelling and increased pain."  [R. 263].  As the ALJ properly acknowledged, these statements are not medical opinions, but are opinions on dispositive issues reserved to the Commissioner.  Therefore, these opinions were not entitled to be given controlling weight.  SSR 96-5p, 1996 WL 374183 (July 2, 1996).  Instead, the ALJ correctly evaluated these opinions as is required for any medical opinion by applying the factors in 20 C.F.R. § 404.1527(d).  In giving the opinions "little weight," the ALJ found that the treating physicians' opinions were not consistent with their treatment notes.  [R. 26].  To support this finding, the ALJ provided a thorough overview of the treatment notes of both Dr. Goldberg and Dr. Kache.  The ALJ's decision contains numerous references to statements in Dr. Goldberg's records indicating that the plaintiff was "doing well" and "doing better" with "some pain in her legs."  [R. 21-22].  Likewise, the ALJ's decision refers to Dr. Kache's statements that plaintiff exhibited no evidence of neuropathy and that her medications were effective to reduce her pain level and help "with her leg symptomatology."  [R. 23-24].  Accordingly, the ALJ found that the medical opinions of the plaintiff's treating physicians declaring plaintiff "disabled" were inconsistent with, and not supported by, the relevant evidence in the record.  The Court finds this explanation is sufficient to satisfy the

ALJ's requirement to explain the weight he gave to the treating physicians' opinions. Hamlin, 365 F.3d at 1215 (10th Cir. 2004).

Just as the ALJ is required to explain the weight assigned to plaintiff's treating physicians' opinions, the ALJ must also explain the weight given to the medical expert's opinion. 20 C.F.R. § 404.1527(f)(2)(ii). "If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it." Hamlin, 365 F.3d at 1215 (10th Cir. 2004). The ALJ's decision must explain "the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the [ALJ] must do for any opinion from treating sources, nontreating sources, *and other nonexamining sources who do not work for [the Social Security Administration]*." 20 C.F.R. § 404.1527(f)(2)(ii) (emphasis added). At the hearing on October 30, 2008, Dr. Subramaniam Krishnamurthi testified that "six months before" November 27, 2007 was the first date of the plaintiff's current disability. [R. 365-66]. That date is consistent with the ALJ determination that plaintiff became disabled in May 1, 2007. However, the ALJ's decision mentions Dr. Krishnamurthi only once, and that is in the Procedural History section. [R. 17]. It appears that the ALJ relied upon Dr. Krishnamurthi's opinion in determining the date of disability, but the ALJ failed to explain the weight he gave that opinion in his decision. Accordingly, the Court finds that this case must be remanded for the ALJ to provide an explanation of the weight he assigned to the medical expert's opinion.

As her second issue, plaintiff contends that the ALJ did not demonstrate substantial evidence to support his selected date of onset of disability. [Dkt. # 15 at 2]. To support her claim, plaintiff cites numerous instances in the record in which plaintiff exhibited similar symptoms both before and after the date of disability. [Dkt. # 15 at 6-7]. However, this

argument is not compelling. As stated above, substantial evidence is more than a scintilla, but less than preponderance. Richardson, 402 U.S. at 401 (1971). Substantial evidence only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. In addressing the question of whether there was substantial evidence to support the ALJ's decision, the Court will neither reweigh the evidence in the case nor substitute its judgment for that of the ALJ. Casias, 933 F.2d at 800 (10th Cir. 1991). Instead, the Court will consider the entire record and "make its determination on the record as a whole." Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir. 1987).

The Court concludes that there is substantial evidence in the record to support the ALJ's holding. The ALJ considered all of the evidence in the record, thoroughly noting in his decision the progression of plaintiff's symptoms since her alleged date of onset. The ALJ's discussion includes references to the plaintiff's hearing testimony. As discussed above, the ALJ also considered the opinions of the treating physician and the testimony of the non-treating medical expert. The evidence in the record is sufficient to allow a reasonable person to find that the plaintiff was not disabled before May 1, 2007. Therefore, the Court finds that substantial evidence supports the ALJ's conclusion that plaintiff was not disabled before May 1, 2007.

As her third issue, plaintiff claims the ALJ failed to perform a proper credibility determination. [Dkt. # 15 at 2]. Specifically, plaintiff claims the ALJ's credibility assessment is flawed because he failed to link his credibility finding with substantial evidence. The Court disagrees.

Under Luna v. Bowen, the ALJ is to decide whether a claimant's subjective claims of pain are credible by considering such factors as "a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane,

10

regular contact with a doctor, and the possibility that psychological disorders combine with physical problems," as well as "daily activities, and the dosage, effectiveness, and side effects of medication." 834 F.2d 161, 165-66 (10th Cir. 1987). However, the ALJ is not required to make a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Instead, the ALJ must only link his credibility findings with the evidence of record, rather than state his own conclusion. In Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995), the court held the ALJ's credibility determination was inadequate because the ALJ simply recited the general factors he considered and then said the plaintiff was not credible based on those factors. The court explained the ALJ must refer to the specific evidence on which he is relying in determining credibility and link his credibility findings to the specific evidence. Id. at 391. In the instant case, the ALJ complied with this standard.

In his decision, the ALJ set out the medical evidence he relied upon in assessing plaintiff's credibility. The ALJ noted that plaintiff failed to follow the advice of her physicians to quit smoking. [R. 25]. The ALJ also noted that "claimant has been prescribed and has taken appropriate medications for her alleged impairments" and that "the medical records reflect that the medications have been relatively effective." [R. 25]. The ALJ also referenced plaintiff's admissions that various medications have offered relief from her alleged symptoms. [R. 25]. Furthermore, the ALJ referenced the "discrepancies between claimant's assertions and information contained in the documentary reports, and the findings made on examination." [R. 25]. These discrepancies are illustrated throughout the decision by references to the plaintiff's hearing testimony and medical records. For instance, the ALJ noted that at the hearing, plaintiff rated her pain as an "'8-9' on a pain scale of 1-10," but then said "the pain is usually a '4-5.'" [R. 20]. Based on this evidence, the ALJ determined that plaintiff was not credible. [R. 25].

11

The ALJ properly referred to specific evidence in making his determination and linked his finding to that specific evidence. Therefore, the ALJ's credibility determination was proper.

Credibility determinations are peculiarly the province of the finder of fact, and a court should affirm that finding if it is closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. <u>Hill v. Astrue</u>, 289 Fed. App'x 289, 294 (10th Cir. 2008) (unpublished).[3] The ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating plaintiff's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record. Therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## **Conclusion**

Based on the foregoing, the Court remands the decision of the ALJ denying disability benefits to plaintiff with instructions to explain the weight assigned to the medical expert's opinion. All other aspects of the ALJ's decision are affirmed.

SO ORDERED this 27th day of September, 2010.

T. Lane Wilson
United States Magistrate Judge

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. 32.1: 10th Cir. R. 32.1.